# Exhibit B

8/7/2020                                   Comprehensive Case Information System



**COMPREHENSIVE CASE INFORMATION SYSTEM**

Sharon R. Bock, Esq., Clerk of the Circuit Court & Comptroller

PALM BEACH COUNTY | CCIS

eportaluser

Collapse All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 502020CA006914XXXXMB [502020CA006914XXXXMB] | 06/30/2020 | PALM BEACH | | Open | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 06/30/2020 | OTHER CIRCUIT | NO | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| CURLEY, GERARD JOSEPH JR. | JUDGE | | |
| RODRIGUEZ, CARMEN | ATTORNEY | | |
| MARTINEZ, JOY | PLAINTIFF | | |
| WELLS FARGO BANK NA | DEFENDANT | RODRIGUEZ, CARMEN MARIA | 710385 |
| ABBOTT, ZASCHA B | ATTORNEY | | |

**Dockets**

Page : 1    |◀ ◀◀ ▶▶ ▶|    ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📋 | 10 | 08/04/2020 | AGREED ORDER G CURLEY DTD 8/4/20 MOTION FOR EXTENSION OF TIME IS GRANTED; G CURLEY DTD 8/4/20 MOTION FOR EXTENSION OF TIME IS GRANTED | 1 |
| 📋 | 9 | 07/30/2020 | MOTION FOR EXTENSION OF TIME; (UNOPPOSED) TO RESPOND TO COMPLAINT FILED BY DFT | 1 |
| 📋 | 8 | 07/21/2020 | SERVICE RETURNED (NUMBERED); RETURN OF SERVICE SERVED WELLS FARGO BANK, N,A - 07/16/2020 | 1 |
| 📋 | 7 | 06/30/2020 | PAID $411,00 ON RECEIPT 3668331; $411,00; 3668331; Fully Paid | 1 |
| 📋 | 6 | 06/30/2020 | DIVISION ASSIGNMENT; AA: Circuit Civil Central - AA (Civil) | |
| 📋 | 5 | 06/30/2020 | REQUEST TO PRODUCE; FIRST REQUEST TO DEFENDANT F/B PLT | 1 |
| 📋 | 4 | 06/30/2020 | NOTICE OF FILING INTERROGS; FIRST SET TO DEFENDANT F/B PLT | 1 |
| 📋 | 3 | 06/30/2020 | SUMMONS ISSUED; cscott@scottwagnerlaw.com;ashley@scottwagnerlaw.com; AS TO WELLS FARGO BANK, N.A, EFILED | 1 |
| 📋 | 2 | 06/30/2020 | COMPLAINT; F/B PLT | 1 |
| 📋 | 1 | 06/30/2020 | CIVIL COVER SHEET | 1 |

**Judge Assignment History**

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| No records found. | | | |

**Court Events**

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

**Financial Summary**

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $411,00 | Paid to Date: $411,00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $411,00 | $411,00 | $0.00 | $0.00 | - |

This information reflects the financial obligations shown on the Florida Comprehensive Case Information System (CCIS) for THIS CASE ONLY. For the current balances of your financial obligations, you should contact the Clerk of the Court in the county where the financial obligation was imposed, Nothing in CCIS alters any financial obligation imposed by a court.

**Reopen History**

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

Filing # 109602626 E-Filed 06/30/2020 01:22:36 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Joy Martinez</u>
 Plaintiff
          vs.
<u>Wells Fargo Bank NA</u>
Defendant

**II.   AMOUNT OF CLAIM**
  Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>100,000</u>

**III.  TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☐ Negligence – other | ☒ Circuit Civil - Not Applicable |
|    ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
|    ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
|    ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
|    ☐ Third party indemnification | ☐ Discrimination-employment or other |
|    ☐ Construction defect | ☐ Insurance claims |
|    ☐ Mass tort | ☐ Intellectual property |
|    ☐ Negligent security | ☐ Libel/Slander |
|    ☐ Nursing home negligence | ☐ Shareholder derivative action |
|    ☐ Premises liability – commercial | ☐ Securities litigation |
|    ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
|    ☐ Commercial foreclosure | ☐ County Civil |
|    ☐ Homestead residential foreclosure |    ☐ Small Claims up to $8,000 |
|    ☐ Non-homestead residential foreclosure |    ☐ Civil |
|    ☐ Other real property actions |    ☐ Replevins |
| ☐ Professional malpractice |    ☐ Evictions |
|    ☐ Malpractice – business |    ☐ Other civil (non-monetary) |
|    ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**  **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☐ Punitive

**V.**  **NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI.**  **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Cathleen Scott</u>
Attorney or party
FL Bar No.: <u>135531</u>
(Bar number, if attorney)
<u>Cathleen Scott</u>
(Type or print name)
Date: <u>06/30/2020</u>

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

JOY MARTINEZ,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, JOY MARTINEZ ("Martinez" or "Plaintiff") by and through her undersigned counsel, files this Complaint against WELLS FARGO BANK, N.A., ("Defendant"), and as grounds states as follows:

## PRELIMINARY ALLEGATIONS

1.     MARTINEZ brings this action against the Defendant, to recover back pay, front pay, compensatory damages, and reasonable attorney's fees and costs for unlawful retaliation in violation of Section §448.102 (3) of the Florida's Whistleblower Act ("FWA").

2.     Plaintiff brings this action based on her direct, independent, and personal knowledge.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper in this Court pursuant to Sections 448.103(1)(b) and 48.193, Florida Statutes.

4.     Plaintiff is a resident of Palm Beach County, Florida, and at all times material hereto, was employed by the Defendant at its Palm Beach County, Florida location.

5.      Defendant has a principal place of business at 420 Montgomery Street, San Francisco, California 94163 with numerous locations throughout Palm Beach County.

6.      Venue is proper in Palm Beach County as Plaintiff performed work for the Defendant in Palm Beach County.

## COMMON ALLEGATIONS

7.      Plaintiff has worked for the bank since 2012.

8.      Until her whistleblower activity, Plaintiff has always had positive evaluations and has never received any corrective action or written complaints, warnings or the like. As such, Plaintiff was on the path to being promoted.

9.      On July 31, 2018, Plaintiff was participating in a routine audit of debit cards.

10.     Plaintiff was asked by her manager to ignore the fact a co-worker had taken home debit cards and left them in her purse.

11.     This was a clear violation of bank's policies and likely a violation of the law.

12.     During the audit, Plaintiff was asked by her manager to mark the debit cards as accounted for in the computer system even though they were not present.

13.     Plaintiff objected that they should not just take the word of a co-worker, but that they would need to actually  see the cards in order to account for them. She also complained that taking the cards out of the branch was not permitted.

14.     Despite her objections, Plaintiff was directed to mark the cards present. She did so under the threat of discipline or termination.

15.     Plaintiff complied with her manager's directive out of fear of being terminated.

16.     Thereafter, Plaintiff immediately reported the illegal and unethical conduct to the bank's hotline as soon as she could do so.

17.     Plaintiff relayed to the hotline that she was in fear of her job for not following her supervisor's directive.

18.     Notwithstanding her protective conduct in both objecting and reporting the incident, Plaintiff was then written up for her participation by the district manager.

19.     Plaintiff explained to the district manager that it was not her choice to report the cards as accounted for and that she immediately reported it to the hotline.

20.     Even though Defendant encourages employees to raise their hand when they see something wrong with the promise that retaliation will not occur, Plaintiff did so and was subsequently  written up for falsifying records.

21.     As a result of this adverse action, Plaintiff was no longer eligible for promotion.

22.     Furthermore, Plaintiff's manager was free to continue in her supervision of Plaintiff.

23.     Plaintiff's manager is aware of the complaints made by Plaintiff and has retaliated against her.

24.     Plaintiff has even sought to transfer to move away from her manager; but was denied a transfer in November 2018.

25.     Plaintiff  was told the transfer was denied, but  she could be moved but only if she accepted a demotion.

26.     The negative employment action affected Plaintiff's ability to transfer and to move even to a lateral position.

27.     Plaintiff disputed the write up by following the company's internal dispute procedures.

28.     On October 25, 2019, Plaintiff  learned that her human resources dispute of the August 2018 write-up was denied. As such, it remains in her personnel file that she falsified records when in fact she self-reported and participated in blowing the whistle on her manager.

29.     Plaintiff engaged in protected activity as defined in the FWA in that she:  (1) objected to management and/or objected to or refused to participate in an activity that would constitute a violation of law and (2) she also reported the illegal conduct on the company's hotline.

<div align="center">

**COUNT I**
**RETALIATION**
**IN VIOLATION OF § 448.102(3)**

</div>

Plaintiff incorporates the allegations in paragraphs 1 through 29 as if set forth in this paragraph.

30.     Plaintiff engaged in protected activity:

    a.   She objected to falsifying records, which she reasonably believed would have been a violation of law.

    b.   She objected to her manager that she would not falsify records, only relenting at the fear and threat of discipline and termination.

    c.   Plaintiff objected by filing a complaint with the hotline.

31.     Plaintiff's objection constitutes protected activity under Section 448.102(3), Florida Statutes.

32.     Plaintiff suffered adverse employment action in that:

    a.   She was disciplined.

    b.   She was mistreated by her supervisor.

    c.   She was denied a transfer.

    d.   Her appeal to remove the discipline was denied.

    e. She was forced to leave aka constructively terminated.

 33. Plaintiff's treatment following her objections constitutes an adverse employment action.

 34. Plaintiff's objection and complaint to the hotline and the retaliatory, adverse treatment by Defendant are causally related.

 35. The Defendant's conduct violates the FWA.

 36. The conduct of the Defendant deprived Plaintiff of her rights under the FWA to object to participation in unlawful conduct without fear from retaliation.

 37. As a direct, natural, foreseeable, and proximate result of these actions and inactions of the Defendant, Plaintiff has suffered damages, including not limited to, the violation of her statutory rights, loss of reputation, back pay, and special damages including attorney's fees and costs, and compensatory damages.  All of above injuries and losses are continuing and permanent in nature.

 38. As a direct and proximate result of the Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered, and will continue to suffer, damages including but not limited to, lost wages, pain and suffering, humiliation, extreme and severe emotional distress, and mental anguish; Plaintiff has suffered, and will continue to suffer, a loss of earnings and other employment-related benefits and job opportunities.  As a result, Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

 39. As a further direct and proximate result of the Defendant's violation, Plaintiff has been compelled to retain the services of the undersigned law firm.  Plaintiff will incur, and continue to incur, reasonable attorney's fees and costs.

40.     Plaintiff requests that attorney's fees, costs, and expenses be awarded pursuant to Section 448.104, Florida Statutes.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages; front pay or reinstatement in lieu of front pay; back pay; prejudgment interest; reasonable attorney's fees and costs pursuant to Section 448.104, Florida Statutes; and any such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands trial by jury for all issues so triable.

Dated this 30th day of June 2020.


SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

Filing # 109602626 E-Filed 06/30/2020 01:22:36 PM

**IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO.**

JOY MARTINEZ,

     Plaintiff,

v.                   **SUMMONS**

WELLS FARGO BANK, N.A.,

     Defendant.

_____/

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition, in this action on:

          **WELLS FARGO BANK, N.A.**
          **C/O REGISTERED AGENT: CORPORATION SERVICE COMPANY**
          **1201 HAYS STREET**
          **TALLAHASSEE, FL 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on:

          Cathleen Scott, Esq.
          Plaintiff's attorney, whose address is:
          Scott Wagner & Associates, P.A.
          Jupiter Gardens
          250 South Central Boulevard, Suite 104-A
          Jupiter, Florida 33458
          Tele : (561) 653-0008
          Fax : (561) 653-0020

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

If you choose to file a written response yourself, at the same time you file your written response to the Court located at: **Palm Beach County Courthouse,** Clerk of Courts, 205 N. Dixie Hwy,

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 06/30/2020 01:22:36 PM

West Palm Beach, FL 33401, and you must also mail or take a carbon copy or photocopy of your written response to the Plaintiff's Attorney: **Cathleen Scott, Esq., 250 S. Central Blvd, Ste 104, Jupiter, Florida 33458 (561) 653-0008.**

Jun 30 2020

WITNESS my hand and the Seal of said Court this ____ day of _____, 2020.

SHARON R. BOCK
As Clerk of said Court

BY : _____

As Deputy Clerk  Shalea Ravenell

Filing # 109602626 E-Filed 06/30/2020 01:22:36 PM

## IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

### CASE NO.

JOY MARTINEZ,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

### **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff, JOY MARTINEZ, by and through her undersigned counsel hereby propounds the following first set of interrogatories upon Defendant, WELLS FARGO BANK, N.A. and request that they be answered separately, fully, and under oath within forty-five (45) days of service pursuant to the Florida Rules of Civil Procedure.

Submitted this 30th day of June 2020.

<div align="right">

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: cscott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:   (561) 653-0008
Facsimile:    (561) 653-0020
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

</div>

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 06/30/2020 01:22:36 PM

## **Definitions and Instructions**

The following definitions and instructions are incorporated by reference whenever applicable in this document.

1.  "Defendant," "you," "your," "its," or "it," shall mean Defendant, WELLS FARGO BANK, N.A., representatives, attorneys, and anyone else acting on her behalf.

2.  The term "person", or "persons", as used herein, shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

3.  "Plaintiffs" shall mean the Plaintiff, JOY MARTINEZ.

4.  The term "document", or "documents", as used herein shall mean the original or a copy of any kind, of written, typewritten, printed or recorded material whatsoever, including, but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams, or other correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of photographs or other graphic representation, and other physical means of communication, including tape recordings and magnetic tape. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

5.  The term "Complaint" as used herein, shall mean the Complaint on file in this action.

6.  The term "personnel file", as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records.

7.  The term "negotiation(s)", as used herein, shall mean to include conversations, discussions, meetings, conferences and other written or verbal exchanges which relate to the contract.

8.  If any document is withheld under a claim of privileged or other protection, please provide all of the following information with respect to any such document, so as to aid the Court and the parties hereto in determining the validity of the claim of privileged and other protection:

    A.  The identify of the person(s) who prepared the document and who signed the document, and over whose name it was sent or issued.
    B.  The identity of the person(s) to whom the document was directed.
    C.  The nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document.

D.  The date of the document.
E.  The identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof.
F.  The identity of each person to whom a copy of the document was furnished.
G.  The number of pages of the document.
H.  The basis on which any privilege or other protection is claimed
I.  Whether any non-privilege or non-protected matter is included in the document.

## INTERROGATORIES

1.  The name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party whom the interrogatories are directed.

    **ANSWER:**

2.  Identify any and all documents used or referred to in answering any of these interrogatories.

    **ANSWER:**

3.  State the names, email, home addresses, business addresses, home telephone numbers and business telephone numbers of any and all witnesses with knowledge or information relevant to the subject matter of this action. In your response, please include the nature and substance of knowledge possessed or believed to be possessed by each person.

    **ANSWER:**

4.  Identify the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature which concerns or relates to the subject matter of this action.

    **ANSWER:**

5.  State the name, home address, business address, email, home telephone number, and business telephone number of each expert witness engaged by you in this action, for any purpose.

    **ANSWER:**

6.  List the names and addresses of all persons who are believed or known by you, your agents, or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

    **ANSWER:**

7.  Please describe the nature of Plaintiff's job duties and responsibilities including job title(s) during all periods of Plaintiff's employment.

    **ANSWER:**

8.  Identify any and all persons who were responsible for overseeing Plaintiff's performance during his employment with you.

    **ANSWER:**

9.  Please state all reasons why Plaintiff's employment ended. In your response, please include the name(s) of the individuals involved in the decision, and the date(s) of the decision.

    **ANSWER:**

10. Please describe what efforts were taken by Wells Fargo Bank, N.A. to investigate Plaintiff's complaint to the Bank's hotline that her manager, Mariam Rhyae, asked her to ignore that a co-worker took home debit cards which was in violation of the Bank's policies.

    **ANSWER:**

11. Please describe the outcome of the investigation in regard to interrogatory number #10.

   **ANSWER:**


12. Please describe what actions were taken, if any, against Plaintiff's supervisor, Mariam Rhyae, as a result of the investigation referenced in interrogatory #10.

   **ANSWER:**


13. Please describe the reasons for Plaintiff's denial of a transfer in November 2018.

   **ANSWER:**


14. Please describe the reasons for Plaintiff's denial of her dispute of the August 2018 write-up that resulted in the inclusion to her file a notice indicating Plaintiff falsified records.

   **ANSWER:**

## VERIFICATION PAGE

_____

Representative of:
WELLS FARGO BANK, N.A.

STATE OF FLORIDA                    )
                                                      ) ss:
COUNTY OF _____  )

      I HEREBY CERTIFY that on this date, before me, an officer duly authorized in the State

of Florida, County of _____, to take acknowledgments, personally

appeared _____, who is personally known to me or who has produced

_____ as identification and who executed the foregoing instrument and

_____ acknowledged before me that _____ executed same.

      SUBSCRIBED TO AND SWORN before me this \_\_\_\_\_ day of _____,

20\_\_

_____

NOTARY PUBLIC
STATE OF FLORIDA

My Commission Expires:

My Commission Number:

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

JOY MARTINEZ,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, JOY MARTINEZ, by and through her undersigned counsel, hereby respectfully requests, pursuant to the Florida Rules of Civil Procedure, that the Defendant, WELLS FARGO BANK, N.A., produce all of the items listed below to the office of the undersigned within forty-five (45) days of service.

### DEFINITIONS

As used herein, the following terms have meaning and significance as set forth below:

1. "Defendant," "your," or "you" shall mean Defendant, WELLS FARGO BANK, N.A. and its servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on your behalf.

2. "Plaintiff" shall mean the Plaintiff, JOY MARTINEZ.

"Complaint" shall mean the Complaint filed in this action.

3. "Identify" shall mean:

    A. With respect to an individual, that you are to provide the name, current or last known address (business and home), current or last known telephone number (business or home), current or last known business position or title, and whether

he or she is currently employed by the Defendant, and

B .   With respect to a document, that you are to provide the date, addressee and/or recipient, sender and/or author thereof, and the type of writing (e.g. letter, inter-office memo., etc.).

4.  The term "document" or "documents" as used herein shall mean the original or a copy of any kind, of written or typewritten, printed, or recorded material whatsoever, including but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams or other correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of photographs or other graphic representation, and other physical means of communication, including tape recordings and magnetic tape.  The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

5.  The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect of the applications, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notes, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records.  For purposes of this request, the condition, or claims, designations of or changes in beneficiary,  garnishments, income tax records, or insurance benefits except as pertaining to Plaintiff's records.

## ELECTRONICALLY STORED INFORMATION (ESI) PRODUCTION

I.     Overview

   a.  All documents should be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information or optical character recognition ("OCR") text for scanned hard copy documents. Details regarding requirements, including files to be delivered in native format, are below.

   b.  Media may be delivered on CDs, DVDs or External USB hard drives. Each media volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

II.    TIFF Image Requirements

   a.  All documents should be produced as TIFF images in 300x300 dpi Group IV single page monochrome format.

   b. All such images should be sequentially Bates-stamped. Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC00000001).

   c. Images should include the following content where present:

      i. For word processing files (e.g., Microsoft Word) – Comments and "track changes" (and similar in-line editing).

      ii. For spreadsheet files (*e.g.,* Microsoft Excel) – Hidden columns, rows, and sheets;

      iii. For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes

III. Native Format Requirements

   a. Spreadsheet files

      i. Spreadsheet files (*e.g.,* Microsoft Excel) should be provided in native format.

      ii. In lieu of a TIFF image version of each spreadsheet file, a Bates- stamped TIFF placeholder file should be produced along with the native format version of each file.

      iii. When redaction is necessary, a redacted TIFF version may be produced; The parties reserve the right to request access to the native format versions of such files.

   b. Other files

   In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files such as databases. The parties reserve the right to request access to the native format versions of such files.

IV. Image Load/Cross Reference File Requirements

   a. An image load/cross reference file that contains document boundaries should be provided with each production.

   b. The file may be in either IPRO (.lfp) or Opticon (.opt) format as in the samples below (note that volume label information – "@MSC001" in the sample IPRO file and "MSC001" in the sample Opticon file – is optional):

*Sample IPRO .lfp file*

```
IM,MSC00000014,D,0,@MSC001;MSC\0000;00000014.TIF;2
IM,MSC00000015,,0,@MSC001;MSC\0000;00000015.TIF;2
IM,MSC00000016,D,0,@MSC001;MSC\0000;00000016.TIF;2
IM,MSC00000017,,0,@MSC001;MSC\0000;00000017.TIF;2
```

*Sample Opticon .opt file*
```
MSC000001,MSC001,MSC001\0000\00000001.TIF,Y,,,3
MSC000002,MSC001,MSC001\0000\00000002.TIF,,,,
MSC000003,MSC001,MSC001\0000\00000003.TIF,,,,
MSC000004,MSC001,MSC001\0000\00000004.TIF,Y,,,2
MSC000005,MSC001,MSC001\0000\00000005.TIF,,,,
```

V.   Data Load File and Extracted Text/OCR Requirements

a.   A data load file should be provided with each production.

b.   The file should be a Concordance-loadable data file, also known as a "DAT" file, and should contain Bates-stamp and metadata information as detailed below. The metadata fields for documents with redaction will be left blank.

c.   Extracted text and/or OCR text should not be embedded in the DAT file but should rather be provided as separate, document-level text files. Document-level text file names should contain the beginning Bates number information of the document. If a document is provided in native format with a placeholder tiff, (*e.g.,* spreadsheet files) the text file should contain the extracted text of the native file. Unless otherwise negotiated, no searchable text need be provided for redacted documents.

d.   Foreign language text files and metadata should be delivered with the correct encoding to enable the preservation of the documents' original language.

e.   The requested delimiters and qualifiers to be used in the DAT file are:

*Record delimiter:* Windows newline/Hard return ASCII character 013 ( )
*Field delimiter:* ¶ (ASCII 20)
*Multi-value delimiter:* Semicolon ; (ASCII 59)
*Text qualifier:* Small thorn þ (ASCII 254)

f.   The DAT file should have a header line with field names and include the following fields:

| Field | Comments |
|---|---|
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegRange | Bates number of first page of family range, *e.g.,* first page of an email. |

| EndRange | Bates number of last page of family range, *e.g.,* last page of last attachment to an email. |
|---|---|
| PageCount | Number of pages in document. |
| Title | Loose files and attachments only. |
| Custodian | Loose files, attachments, and email.  Custodian full |
| Duplicate Custodian | Loose files, attachments, and email.  Custodian full name. (For custodians that had duplicates of documents that are not being produced because |
| Author | Loose files and attachments only. |
| Last Saved By | Loose files and attachments only. |
| From | Email only. |
| To | Email only. |
| CC | Email only. |
| BCC | Email only. |
| Subject | Email only. |
| DateCreated | Loose files and attachments only.  MM/DD/YYYY |
| TimeCreated | Loose files and attachments only.  00:00:00 hh:mm:: |
| DateLastModified | Loose files and attachments only.  MM/DD/YYYY |
| TimeLastModified | Loose files and attachments only.  00:00:00 hh:mm:: |
| DateLastAccessed | Loose files and attachments only.  MM/DD/YYYY |
| DateSent | Email only.  MM/DD/YYYY |
| TimeSent | Email only.  HH:MM:SS AM/PM |
| DateReceived | Email only.  MM/DD/YYYY |
| TimeReceived | Email only.  HH:MM:SS AM/PM |
| Application Name | The name of the application that is use to open the file |
| FilePath | Loose files.  Original path to the file as maintained  in the  ordinary course of business. |
| FileName | Loose files and attachments. Name of file as maintained in  the ordinary course of business. |
| FileExtension | Loose files, attachments and email. |
| FileSize | Loose files, attachments and email (in bytes). |
| FolderPath | Email only.  Path within the mail container file (*e.g.,* PST  file) to the message at collection time. |
| MD5Hash | Hash Value of the file |
| Message ID | Email only. Message number created by email |
| Conversation Index | Email only. E-mail thread created by the email system |
| HiddenContent | For loose files and attachments only. List type of hidden found in document (for content described in section) |

g.  A sample DAT file in the appropriate format is below (the three entries below are,  respectively, the header row, a parent email, and a spreadsheet attachment):

þBeginning Bates Numberþ¶þEnding Bates Numberþ¶þBeginning Bates Rangeþ

¶þEnding Bates Rangeþ¶þPage Countþ¶þFile Extensionþ¶þFile
Sizeþ¶þTitleþ¶þCustodianþ¶þAuthorþ¶þFrom
þ¶þToþ¶þCCþ¶þBCCþ¶þSubject þ¶þDate Createdþ¶þDate Modifiedþ¶þDate
Sentþ¶þTime Sent
þ¶þDate   Receivedþ¶þTime   Receivedþ¶þFilePathþ¶þFilenameþ¶þFolderPathþ¶þHidden
Contentþ¶þTextPathþ¶þNativePathþ

þ00000001þ¶þ00000001þ¶þ00000001þ¶þ00000002þ¶þ1þ¶þþ¶þ2354þ¶þJo
hn H. Smithþ¶þþ¶þþ¶þJohn H. Smithþ¶þJane  Doeþ¶þJane W. Schmidt;
Mark Doeþ¶þþ¶þChecks Payableþ¶þþ¶þþ¶þ12/ 25/2008þ¶þ9:30:01
AMþ¶þ12/25/2008þ¶þ9:30:11

AMþ¶þþ¶þ\Inbox\Payable\þ¶þþ¶þText\SAMPLE\0000\00000001.txtþ¶þþ
þ00000002þ¶þ00000002þ¶þ00000001þ¶þ00000002þ¶þ1þ¶þxlsþ¶þ46444þ¶þAccounts
Receivableþ¶þJohn H. Smithþ¶þ John H.
Smithþ¶þþ¶þþ¶þþ¶þþ¶þþ¶þ12/22/2008þ¶þ12/25/2008þ¶þþ¶þþ¶þ  þþ¶þþ¶þþ¶þ2010
budget.xlsþ¶þþ¶þHidden
Columnþ¶þText\SAMPLE\0000\00000002.txtþ¶þNatives\SAMPLE\0000\00000002.xls
þ

## REQUEST FOR PRODUCTION

**The items and matters to be produced are as follows:**

1. The complete personnel file of Plaintiff, including, but not limited to those documents and writings used to determine Plaintiff's compensation, promotions, salary, raises, bonus plans, suspension or other disciplinary action, performance reviews, and separation from employment.

2. All payroll and time records for Plaintiff during his employment with Defendant, including all compensation plans and documents relative to those plans.

3. Any and all of Plaintiff's wage records, including payroll records, pay stubs, time records, time cards, and W-2 forms in Defendant's possession.

4. All other documents in the Defendant's possession or in the possession of any agent of the Defendant that mentions, pertains to, relates to, or concerns the Plaintiff.

5. Any and all liability insurance policies, including excess insurance policies, Defendant has that may prospectively indemnify the Defendant for any of the claims contained in the Plaintiff's Complaint, whether the Defendant is the "named" insured or an "additional" insured under the subject policy or policies.

6. Any and all documents, emails, recordings, memoranda, summaries of any conversations and/or meetings regarding the Plaintiff's job description and duties.

7. Any and all documents, emails, recordings, memoranda, summaries of any conversations and/or meetings regarding the Plaintiff's termination.

8. All documents that support the reasons for Plaintiff's termination.

9. The personnel file of Mariam Rhyae.

10. All documents related to the investigation into Plaintiff's complaint to the Bank's hotline that her manager, Mariam Rhyae, asked her to ignore that a co-worker took home debit cards which was in violation of the Bank's policies.

11. All documents related to reasons for Plaintiff's denial of a transfer in November 2018.

12. Any and all employment handbooks, manuals or the like, in the preceding five (5) years.

13. Any and all written documents referencing Plaintiff's job performance.

14. Any and all written documents referencing Plaintiff's work hours.

15. Any and all documents Defendant used, relied upon, or referenced in responding to Plaintiff's First Set of Interrogatories to Defendant.

16. Any and all documents which discuss Plaintiff's compensation.

17. Any correspondence between Plaintiff and Defendant, electronic or otherwise, which relate to Plaintiff's employment with Defendant.

18. All documents supporting the reason for Plaintiff's separation.

19. All photographs and writing relating to the debit cards in the coworker's possession.


Submitted this 30th day of June 2020.

<div style="text-align:center">

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: cscott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458

</div>

Telephone:   (561) 653-0008
Facsimile:    (561) 653-0020
Secondary Address:  101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com



## SHARON R. BOCK

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT
3668331

Printed On:
06/30/2020 02:49
Page 1 of 1

| Receipt Number: 3668331 - Date 06/30/2020  Time 2:49PM | | | |
|---|---|---|---|
| **Received of:** | Stephanie Houska<br>250 S Central Blvd<br>Suite 104<br>Jupiter, FL 33458 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 9976391 | **Remaining Balance:** | 0.00 |
| **Division:** | AA: Circuit Civil Central - AA(Civil) | | |

| Case# 50-2020-CA-006914-XXXX-MB -- PLAINTIFF/PETITIONER: MARTINEZ, JOY | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 28414183 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

## RETURN OF SERVICE

**State of Florida**         **County of Palm Beach**         **Circuit Court**

Case Number: 502020CA006914XXXXMBAA

Plaintiff:
**JOY MARTINEZ**

vs.

Defendant:
**WELLS FARGO BANK, N.A.**



CWO2020006419

For:
Cathleen Scott, Esquire
SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Blvd. Suite 104
Jupiter, FL 33458

Received by C.W. SERVICES & ASSOCIATES, INC. on the 15th day of July, 2020 at 10:17 am to be served on **WELLS FARGO BANK, N.A., CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, ERIC L. LARSON, do hereby affirm that on the **16th day of July, 2020** at **12:25 pm, I:**

served a **CORPORATION** by **serving** a true copy of the **Summons, Complaint, Notice of Service of Interrogatories and Interrogatories to Defendant and Request To Produce** with the date and hour of service endorsed thereon by me, to: **VON SMITH as CLERK FOR RA** for **WELLS FARGO BANK, N.A.** at the address of: **CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301** and informed said person of the contents therein, in compliance with state statutes, **pursuant to F.S. 48.081(3)**.
.

**Additional Information pertaining to this Service:**
VON SMITH, EMPLOYEE FOR REG. AGENT AUTHORIZED TO ACCEPT SERVICE, BM 45 YRS 6' 175 LBS SHAVED HEAD, GLASSES

Under penalty of perjury, I declare that I have read the forgoing Verified return of Service and the facts stated in it are true, that I that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2), Notary not required.

**ERIC L. LARSON**
CPS #063, 2ND JUDICIAL CIRCUIT

**C.W. SERVICES & ASSOCIATES, INC.**
**4908 Grassleaf Drive**
**Palm Beach Gardens, FL 33418**
**(561) 630-4866**

Our Job Serial Number: CWO-2020006419
Ref: 6419

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

## IN THE CIRCUIT COURT OF THE
## 15th JUDICIAL CIRCUIT, IN AND
## FOR PALM BEACH COUNTY, FLORIDA

JOY MARTINEZ,                                    CASE NO.: 502020CA006914XXXXMB

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

### DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION
### OF TIME TO RESPOND TO COMPLAINT

    WELLS FARGO BANK, N.A., ("Defendant"), by and through the undersigned counsel, respectfully requests the Court to enter an order extending the time allowed for Defendant to respond to the Complaint for a reasonable period of time, and states as grounds:

    1.    The response to the Complaint is due to be filed on or before August 5, 2020.

    2.    Due to the press of other business matters, Defendant requires additional time to respond to the Complaint.

    3.    Therefore, Defendant respectfully requests an extension of time of ten days, up to and including August 17, 2020 to respond to the Complaint.

    4.    The foregoing Motion is made in good faith, not for purposes of delay and will not prejudice any party to this action.

    5.    Counsel for Defendant conferred with Counsel for Plaintiff and Plaintiff does not oppose the requested extension.

CASE NO.: 502020CA006914XXXXMB

WHEREFORE, in light of the foregoing, Defendant respectfully requests this honorable Court enter an Order granting Defendant up to and including August 17, 2020 to respond to the Complaint.

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Wells Fargo Bank, N.A.*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:  */s/ Zascha Blanco Abbott*
ZASCHA BLANCO ABBOTT
Florida Bar No. 614671

*/s/ Carmen Rodriguez*
CARMEN RODRIGUEZ
Florida Bar No. 710385
Law Office of Carmen Rodriguez, P.A.
*Of Counsel Liebler, Gonzalez & Portuondo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2020, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Cathleen Scott, Esq.,** Scott Wagner & Associates, P.A., Jupiter Gardens, 250 South Central Boulevard, Suite 104-A, Jupiter, FL 33458;  cscott@scottwagnerlaw.com; mail@scottwagnerlaw.com.

*/s/ Zascha Blanco Abbott*
ZASCHA BLANCO ABBOTT

LAW OFFICES

# LIEBLER, GONZALEZ & PORTUONDO

COURTHOUSE TOWER
44 WEST FLAGLER STREET
TWENTY-FIFTH FLOOR
MIAMI, FLORIDA 33130

ZASCHA B. ABBOTT, ESQ.
E-MAIL ZBA@LGPLAW.COM

TELEPHONE: (305) 379-0400
FACSIMILE: (305) 379-9626

August 4, 2020

Honorable G. Joseph Curley
Judge Daniel T. K. Hurley Courthouse
Room 10.2204
205 North Dixie Hwy.
West Palm Beach, FL 33401

> **Re:**   **Joy Martinez v. Wells Fargo Bank, N.A.**
> **Case No. 502020CA006914XXXXMB**
> **(Our File No. 250-0206)**

Dear Honorable Judge Curley:

Our law firm represents Defendant, Wells Fargo Bank, N.A., in the above-referenced matter. Enclosed please find a Proposed Agreed Order on Defendant's Unopposed Motion for Extension of Time to Respond to Complaint.  All parties have reviewed the proposed order and do not object to the form of the order.

If the Order meets with Your Honor's approval, please sign and have conformed copies provided to counsel of record.

Thank you for your Honor's consideration in this matter.

Respectfully submitted,

*/s/ Zascha B. Abbott*

ZASCHA B. ABBOTT

ZBA/eic
Enclosures as stated

cc:   Carmen Rodriguez, Esq.
      Cathleen Scott, Esq.

**IN THE CIRCUIT COURT OF THE**
**15th JUDICIAL CIRCUIT, IN AND**
**FOR PALM BEACH COUNTY, FLORIDA**

JOY MARTINEZ,       CASE NO.: 502020CA006914XXXXMB

  Plaintiff,

v.

WELLS FARGO BANK, N.A.,

  Defendant.

_____/

**AGREED ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION**
**OF TIME TO RESPOND TO COMPLAINT**

  THIS CAUSE is before the Court upon the Defendant's Unopposed Motion for Extension

of Time to Respond to Complaint, and the Court having considered the Motion, it is

  ORDERED AND ADJUDGED that Defendant's Motion is hereby GRANTED.

  Defendant is granted an extension of time up to and including August 17, 2020 to

respond to the Complaint.

  DONE AND ORDERED at Palm Beach County, Florida this _____ day of _____,

2020.

          _____
          HONORABLE G. JOSEPH CURLEY
          CIRCUIT COURT JUDGE

Copies furnished to:

Zascha Blanco Abbott, Esq.
Carmen Rodriguez, Esq.
Cathleen Scott, Esq.

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JOY MARTINEZ,                          CASE NO.: 502020CA006914XXXXMB

       Plaintiff,

v.

WELLS FARGO BANK, N.A.,

       Defendant.

_____/

## AGREED ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

THIS CAUSE is before the Court upon the Defendant's Unopposed Motion for Extension of Time to Respond to Complaint, and the Court having considered the Motion, it is

ORDERED AND ADJUDGED that Defendant's Motion is hereby GRANTED.

Defendant is granted an extension of time up to and including August 17, 2020 to respond to the Complaint.

DONE AND ORDERED at Palm Beach County, Florida.

50-2020-CA-006914-XXXX-MB    08/04/2020
G. Joseph Curley, Jr.
Judge

Copies furnished to:

Zascha Blanco Abbott, Esq.
Carmen Rodriguez, Esq.
Cathleen Scott, Esq.

Filing # 109602626 E-Filed 06/30/2020 01:22:36 PM

## IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

### CASE NO.

JOY MARTINEZ,

    Plaintiff,

v.                                                    **SUMMONS**

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition, in this action on:

        **WELLS FARGO BANK, N.A.**
        **C/O REGISTERED AGENT: CORPORATION SERVICE COMPANY**
        **1201 HAYS STREET**
        **TALLAHASSEE, FL 32301-2525**

Each Defendant is required to serve written defenses to the complaint or petition on:

        Cathleen Scott, Esq.
        Plaintiff's attorney, whose address is:
        Scott Wagner & Associates, P.A.
        Jupiter Gardens
        250 South Central Boulevard, Suite 104-A
        Jupiter, Florida 33458
        Tele : (561) 653-0008
        Fax : (561) 653-0020

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

If you choose to file a written response yourself, at the same time you file your written response to the Court located at: **Palm Beach County Courthouse**, Clerk of Courts, 205 N. Dixie Hwy,

Scott Wagner & Associates, P.A.
Summons
Page 1 of 2

West Palm Beach, FL 33401, and you must also mail or take a carbon copy or photocopy of your written response to the Plaintiff's Attorney: **Cathleen Scott, Esq., 250 S. Central Blvd, Ste 104, Jupiter, Florida 33458 (561) 653-0008.**

WITNESS my hand and the Seal of said Court this ____ day of _____, 2020.

Jun 30 2020

SHARON R. BOCK
As Clerk of said Court

BY : _____

As Deputy Clerk  Shalea Ravenell

## IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

### CASE NO.

JOY MARTINEZ,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

### COMPLAINT

Plaintiff, JOY MARTINEZ ("Martinez" or "Plaintiff") by and through her undersigned counsel, files this Complaint against WELLS FARGO BANK, N.A., ("Defendant"), and as grounds states as follows:

### PRELIMINARY ALLEGATIONS

1.    MARTINEZ brings this action against the Defendant, to recover back pay, front pay, compensatory damages, and reasonable attorney's fees and costs for unlawful retaliation in violation of Section §448.102 (3) of the Florida's Whistleblower Act ("FWA").

2.    Plaintiff brings this action based on her direct, independent, and personal knowledge.

### JURISDICTION AND VENUE

3.    Jurisdiction is proper in this Court pursuant to Sections 448.103(1)(b) and 48.193, Florida Statutes.

4.    Plaintiff is a resident of Palm Beach County, Florida, and at all times material hereto, was employed by the Defendant at its Palm Beach County, Florida location.

5.      Defendant has a principal place of business at 420 Montgomery Street, San Francisco, California 94163 with numerous locations throughout Palm Beach County.

6.      Venue is proper in Palm Beach County as Plaintiff performed work for the Defendant in Palm Beach County.

## COMMON ALLEGATIONS

7.      Plaintiff has worked for the bank since 2012.

8.      Until her whistleblower activity, Plaintiff has always had positive evaluations and has never received any corrective action or written complaints, warnings or the like. As such, Plaintiff was on the path to being promoted.

9.      On July 31, 2018, Plaintiff was participating in a routine audit of debit cards.

10.      Plaintiff was asked by her manager to ignore the fact a co-worker had taken home debit cards and left them in her purse.

11.      This was a clear violation of bank's policies and likely a violation of the law.

12.      During the audit, Plaintiff was asked by her manager to mark the debit cards as accounted for in the computer system even though they were not present.

13.      Plaintiff objected that they should not just take the word of a co-worker, but that they would need to actually see the cards in order to account for them. She also complained that taking the cards out of the branch was not permitted.

14.      Despite her objections, Plaintiff was directed to mark the cards present. She did so under the threat of discipline or termination.

15.      Plaintiff complied with her manager's directive out of fear of being terminated.

16.      Thereafter, Plaintiff immediately reported the illegal and unethical conduct to the bank's hotline as soon as she could do so.

17.     Plaintiff relayed to the hotline that she was in fear of her job for not following her supervisor's directive.

18.     Notwithstanding her protective conduct in both objecting and reporting the incident, Plaintiff was then written up for her participation by the district manager.

19.     Plaintiff explained to the district manager that it was not her choice to report the cards as accounted for and that she immediately reported it to the hotline.

20.     Even though Defendant encourages employees to raise their hand when they see something wrong with the promise that retaliation will not occur, Plaintiff did so and was subsequently written up for falsifying records.

21.     As a result of this adverse action, Plaintiff was no longer eligible for promotion.

22.     Furthermore, Plaintiff's manager was free to continue in her supervision of Plaintiff.

23.     Plaintiff's manager is aware of the complaints made by Plaintiff and has retaliated against her.

24.     Plaintiff has even sought to transfer to move away from her manager; but was denied a transfer in November 2018.

25.     Plaintiff was told the transfer was denied, but she could be moved but only if she accepted a demotion.

26.     The negative employment action affected Plaintiff's ability to transfer and to move even to a lateral position.

27.     Plaintiff disputed the write up by following the company's internal dispute procedures.

28.     On October 25, 2019, Plaintiff  learned that her human resources dispute of the August 2018 write-up was denied. As such, it remains in her personnel file that she falsified records when in fact she self-reported and participated in blowing the whistle on her manager.

29.     Plaintiff engaged in protected activity as defined in the FWA in that she:  (1) objected to management and/or objected to or refused to participate in an activity that would constitute a violation of law and (2) she also reported the illegal conduct on the company's hotline.

<div align="center">

**COUNT I**
**RETALIATION**
**IN VIOLATION OF § 448.102(3)**

</div>

Plaintiff incorporates the allegations in paragraphs 1 through 29 as if set forth in this paragraph.

30.     Plaintiff engaged in protected activity:

    a.  She objected to falsifying records, which she reasonably believed would have been a violation of law.

    b.  She objected to her manager that she would not falsify records, only relenting at the fear and threat of discipline and termination.

    c.  Plaintiff objected by filing a complaint with the hotline.

31.     Plaintiff's objection constitutes protected activity under Section 448.102(3), Florida Statutes.

32.     Plaintiff suffered adverse employment action in that:

    a.  She was disciplined.

    b.  She was mistreated by her supervisor.

    c.  She was denied a transfer.

    d.  Her appeal to remove the discipline was denied.

e. She was forced to leave aka constructively terminated.

33. Plaintiff's treatment following her objections constitutes an adverse employment action.

34. Plaintiff's objection and complaint to the hotline and the retaliatory, adverse treatment by Defendant are causally related.

35. The Defendant's conduct violates the FWA.

36. The conduct of the Defendant deprived Plaintiff of her rights under the FWA to object to participation in unlawful conduct without fear from retaliation.

37. As a direct, natural, foreseeable, and proximate result of these actions and inactions of the Defendant, Plaintiff has suffered damages, including not limited to, the violation of her statutory rights, loss of reputation, back pay, and special damages including attorney's fees and costs, and compensatory damages. All of above injuries and losses are continuing and permanent in nature.

38. As a direct and proximate result of the Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered, and will continue to suffer, damages including but not limited to, lost wages, pain and suffering, humiliation, extreme and severe emotional distress, and mental anguish; Plaintiff has suffered, and will continue to suffer, a loss of earnings and other employment-related benefits and job opportunities. As a result, Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

39. As a further direct and proximate result of the Defendant's violation, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur, and continue to incur, reasonable attorney's fees and costs.

40.     Plaintiff requests that attorney's fees, costs, and expenses be awarded pursuant to Section 448.104, Florida Statutes.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages; front pay or reinstatement in lieu of front pay; back pay; prejudgment interest; reasonable attorney's fees and costs pursuant to Section 448.104, Florida Statutes; and any such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands trial by jury for all issues so triable.

Dated this 30th day of June 2020.

<div style="margin-left:40%">

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

</div>

### IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

#### CASE NO.

JOY MARTINEZ,

     Plaintiff,

v.

WELLS FARGO BANK, N.A.,

     Defendant.

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, JOY MARTINEZ, by and through her undersigned counsel hereby propounds the following first set of interrogatories upon Defendant, WELLS FARGO BANK, N.A. and request that they be answered separately, fully, and under oath within forty-five (45) days of service pursuant to the Florida Rules of Civil Procedure.

Submitted this 30th day of June 2020.

                    s/Cathleen Scott
                    Cathleen Scott, Esq.
                    Florida Bar No. 135331
                    Primary e-mail: cscott@scottwagnerlaw.com
                    Secondary e-mail: mail@scottwagnerlaw.com
                    SCOTT WAGNER & ASSOCIATES, P.A.
                    Jupiter Gardens
                    250 South Central Boulevard
                    Suite 104-A
                    Jupiter, FL 33458
                    Telephone:  (561) 653-0008
                    Facsimile:  (561) 653-0020
                    Secondary Address: 101 Northpoint Parkway
                    West Palm Beach, FL 33407
                    www.ScottWagnerLaw.com

## Definitions and Instructions

The following definitions and instructions are incorporated by reference whenever applicable in this document.

1.  "Defendant," "you," "your," "its," or "it," shall mean Defendant, WELLS FARGO BANK, N.A., representatives, attorneys, and anyone else acting on her behalf.

2.  The term "person", or "persons", as used herein, shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

3.  "Plaintiffs" shall mean the Plaintiff, JOY MARTINEZ.

4.  The term "document", or "documents", as used herein shall mean the original or a copy of any kind, of written, typewritten, printed or recorded material whatsoever, including, but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams, or other correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of photographs or other graphic representation, and other physical means of communication, including tape recordings and magnetic tape. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

5.  The term "Complaint" as used herein, shall mean the Complaint on file in this action.

6.  The term "personnel file", as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records.

7.  The term "negotiation(s)", as used herein, shall mean to include conversations, discussions, meetings, conferences and other written or verbal exchanges which relate to the contract.

8.  If any document is withheld under a claim of privileged or other protection, please provide all of the following information with respect to any such document, so as to aid the Court and the parties hereto in determining the validity of the claim of privileged and other protection:

    A.  The identify of the person(s) who prepared the document and who signed the document, and over whose name it was sent or issued.
    B.  The identity of the person(s) to whom the document was directed.
    C.  The nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document.

D. The date of the document.
E. The identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof.
F. The identity of each person to whom a copy of the document was furnished.
G. The number of pages of the document.
H. The basis on which any privilege or other protection is claimed
I. Whether any non-privilege or non-protected matter is included in the document.

## INTERROGATORIES

1. The name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party whom the interrogatories are directed.

   **ANSWER:**

2. Identify any and all documents used or referred to in answering any of these interrogatories.

   **ANSWER:**

3. State the names, email, home addresses, business addresses, home telephone numbers and business telephone numbers of any and all witnesses with knowledge or information relevant to the subject matter of this action. In your response, please include the nature and substance of knowledge possessed or believed to be possessed by each person.

   **ANSWER:**

4. Identify the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature which concerns or relates to the subject matter of this action.

   **ANSWER:**

5. State the name, home address, business address, email, home telephone number, and business telephone number of each expert witness engaged by you in this action, for any purpose.

   **ANSWER:**

6. List the names and addresses of all persons who are believed or known by you, your agents, or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

   **ANSWER:**

7. Please describe the nature of Plaintiff's job duties and responsibilities including job title(s) during all periods of Plaintiff's employment.

   **ANSWER:**

8. Identify any and all persons who were responsible for overseeing Plaintiff's performance during his employment with you.

   **ANSWER:**

9. Please state all reasons why Plaintiff's employment ended. In your response, please include the name(s) of the individuals involved in the decision, and the date(s) of the decision.

   **ANSWER:**

10. Please describe what efforts were taken by Wells Fargo Bank, N.A. to investigate Plaintiff's complaint to the Bank's hotline that her manager, Mariam Rhyae, asked her to ignore that a co-worker took home debit cards which was in violation of the Bank's policies.

    **ANSWER:**

11. Please describe the outcome of the investigation in regard to interrogatory number #10.

    **ANSWER:**

12. Please describe what actions were taken, if any, against Plaintiff's supervisor, Mariam Rhyae, as a result of the investigation referenced in interrogatory #10.

    **ANSWER:**

13. Please describe the reasons for Plaintiff's denial of a transfer in November 2018.

    **ANSWER:**

14. Please describe the reasons for Plaintiff's denial of her dispute of the August 2018 write-up that resulted in the inclusion to her file a notice indicating Plaintiff falsified records.

    **ANSWER:**

## VERIFICATION PAGE

_____

Representative of:
WELLS FARGO BANK, N.A.

STATE OF FLORIDA                    )
                                    ) ss:
COUNTY OF _____ )

      I HEREBY CERTIFY that on this date, before me, an officer duly authorized in the State

of Florida, County of _____, to take acknowledgments, personally

appeared _____, who is personally known to me or who has produced

_____ as identification and who executed the foregoing instrument and

_____ acknowledged before me that _____ executed same.

      SUBSCRIBED TO AND SWORN before me this _____ day of _____,

20__

_____

NOTARY PUBLIC
STATE OF FLORIDA

My Commission Expires:

My Commission Number:

Filing # 109602626 E-Filed 06/30/2020 01:22:36 PM

## IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

### CASE NO.

JOY MARTINEZ,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, JOY MARTINEZ, by and through her undersigned counsel, hereby respectfully requests, pursuant to the Florida Rules of Civil Procedure, that the Defendant, WELLS FARGO BANK, N.A., produce all of the items listed below to the office of the undersigned within forty-five (45) days of service.

## DEFINITIONS

As used herein, the following terms have meaning and significance as set forth below:

1.     "Defendant," "your," or "you" shall mean Defendant, WELLS FARGO BANK, N.A. and its servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on your behalf.

2.     "Plaintiff" shall mean the Plaintiff, JOY MARTINEZ.

"Complaint" shall mean the Complaint filed in this action.

3.     "Identify" shall mean:

    A.     With respect to an individual, that you are to provide the name, current or last known address (business and home), current or last known telephone number (business or home), current or last known business position or title, and whether

he or she is currently employed by the Defendant, and

B .    With respect to a document, that you are to provide the date, addressee and/or recipient, sender and/or author thereof, and the type of writing (e.g. letter, inter-office memo., etc.).

4.   The term "document" or "documents" as used herein shall mean the original or a copy of any kind, of written or typewritten, printed, or recorded material whatsoever, including but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams or other correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of photographs or other graphic representation, and other physical means of communication, including tape recordings and magnetic tape.  The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

5.   The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect of the applications, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notes, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records.  For purposes of this request, the condition, or claims, designations of or changes in beneficiary,  garnishments, income tax records, or insurance benefits except as pertaining to Plaintiff's records.

## ELECTRONICALLY STORED INFORMATION (ESI) PRODUCTION

I.    Overview

a.  All documents should be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information or optical character recognition ("OCR") text for scanned hard copy documents. Details regarding requirements, including files to be delivered in native format, are below.

b.  Media may be delivered on CDs, DVDs or External USB hard drives. Each media volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

II.   TIFF Image Requirements

a.  All documents should be produced as TIFF images in 300x300 dpi Group IV single page monochrome format.

    b.  All such images should be sequentially Bates-stamped. Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC00000001).

    c.  Images should include the following content where present:

        i.  For word processing files (e.g., Microsoft Word) – Comments and "track changes" (and similar in-line editing).

        ii.  For spreadsheet files (*e.g.,* Microsoft Excel) – Hidden columns, rows, and sheets;

        iii.  For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes

III. Native Format Requirements

    a.  Spreadsheet files

        i.  Spreadsheet files (*e.g.,* Microsoft Excel) should be provided in native format.

        ii.  In lieu of a TIFF image version of each spreadsheet file, a Bates- stamped TIFF placeholder file should be produced along with the native format version of each file.

        iii.  When redaction is necessary, a redacted TIFF version may be produced; The parties reserve the right to request access to the native format versions of such files.

    b.  Other files

       In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files such as databases. The parties reserve the right to request access to the native format versions of such files.

IV. Image Load/Cross Reference File Requirements

    a.  An image load/cross reference file that contains document boundaries should be provided with each production.

    b.  The file may be in either IPRO (.lfp) or Opticon (.opt) format as in the samples below (note that volume label information – "@MSC001" in the sample IPRO file and "MSC001" in the sample Opticon file – is optional):

*Sample IPRO .lfp file*

```
IM,MSC00000014,D,0,@MSC001;MSC\0000;00000014.TIF;2
IM,MSC00000015,,0,@MSC001;MSC\0000;00000015.TIF;2
IM,MSC00000016,D,0,@MSC001;MSC\0000;00000016.TIF;2
IM,MSC00000017,,0,@MSC001;MSC\0000;00000017.TIF;2
```

*Sample Opticon .opt file*
```
MSC000001,MSC001,MSC001\0000\00000001.TIF,Y,,,3
MSC000002,MSC001,MSC001\0000\00000002.TIF,,,,
MSC000003,MSC001,MSC001\0000\00000003.TIF,,,,
MSC000004,MSC001,MSC001\0000\00000004.TIF,Y,,,2
MSC000005,MSC001,MSC001\0000\00000005.TIF,,,,
```

V.   Data Load File and Extracted Text/OCR Requirements

   a.   A data load file should be provided with each production.

   b.   The file should be a Concordance-loadable data file, also known as a "DAT" file,and should contain Bates-stamp and metadata information as detailed below. The metadata fields for documents with redaction will be left blank.

   c.   Extracted text and/or OCR text should not be embedded in the DAT file but should rather be provided as separate, document-level text files. Document-level text file names should contain the beginning Bates number information of the document. If a document is provided in native format with a placeholder tiff, (*e.g.,* spreadsheet files) the text file should contain the extracted text of the native file. Unless otherwise negotiated, no searchable text need be provided for redacted documents.

   d.   Foreign language text files and metadata should be delivered with the correct encoding to enable the preservation of the documents' original language.

   e.   The requested delimiters and qualifiers to be used in the DAT file are:

   *Record delimiter:* Windows newline/Hard return ASCII character 013 ( )
   *Field delimiter:* ¶ (ASCII 20)
   *Multi-value delimiter:* Semicolon ; (ASCII 59)
   *Text qualifier:* Small thorn þ (ASCII 254)

   f.   The DAT file should have a header line with field names and include the following fields:

| Field | Comments |
| --- | --- |
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegRange | Bates number of first page of family range, *e.g.,* first page of an email. |

| EndRange | Bates number of last page of family range, *e.g.,* last page of last attachment to an email. |
|---|---|
| PageCount | Number of pages in document. |
| Title | Loose files and attachments only. |
| Custodian | Loose files, attachments, and email.  Custodian full |
| Duplicate Custodian | Loose files, attachments, and email.  Custodian full name.  (For custodians that had duplicates of documents that are not being produced because |
| Author | Loose files and attachments only. |
| Last Saved By | Loose files and attachments only. |
| From | Email only. |
| To | Email only. |
| CC | Email only. |
| BCC | Email only. |
| Subject | Email only. |
| DateCreated | Loose files and attachments only.  MM/DD/YYYY |
| TimeCreated | Loose files and attachments only.  00:00:00 hh:mm:: |
| DateLastModified | Loose files and attachments only.  MM/DD/YYYY |
| TimeLastModified | Loose files and attachments only.  00:00:00 hh:mm:: |
| DateLastAccessed | Loose files and attachments only.  MM/DD/YYYY |
| DateSent | Email only.  MM/DD/YYYY |
| TimeSent | Email only.  HH:MM:SS AM/PM |
| DateReceived | Email only.  MM/DD/YYYY |
| TimeReceived | Email only.  HH:MM:SS AM/PM |
| Application Name | The name of the application that is use to open the file |
| FilePath | Loose files.  Original path to the file as maintained  in the  ordinary course of business. |
| FileName | Loose files and attachments. Name of file as maintained in  the ordinary course of business. |
| FileExtension | Loose files, attachments and email. |
| FileSize | Loose files, attachments and email (in bytes). |
| FolderPath | Email only.  Path within the mail container file (*e.g.,* PST  file) to the message at collection time. |
| MD5Hash | Hash Value of the file |
| Message ID | Email only. Message number created by email |
| Conversation Index | Email only. E-mail thread created by the email system |
| HiddenContent | For loose files and attachments only. List type of hidden found in document (for content described in section) |

g.  A sample DAT file in the appropriate format is below (the three entries below are,  respectively, the header row, a parent email, and a spreadsheet attachment):

þBeginning Bates Numberþ¶þEnding Bates Numberþ¶þBeginning Bates Rangeþ

¶þEnding Bates Rangeþ¶þPage Countþ¶þFile Extensionþ¶þFile Sizeþ¶þTitleþ¶þCustodianþ¶þAuthorþ¶þFrom þ¶þToþ¶þCCþ¶þBCCþ¶þSubject þ¶þDate Createdþ¶þDate Modifiedþ¶þDate Sentþ¶þTime Sent þ¶þDate   Receivedþ¶þTime   Receivedþ¶þFilePathþ¶þFilenameþ¶þFolderPathþ¶þHidden Contentþ¶þTextPathþ¶þNativePathþ

þ00000001þ¶þ00000001þ¶þ00000001þ¶þ00000002þ¶þ1þ¶þþ¶þ2354þ¶þJo hn H. Smithþ¶þþ¶þþ¶þJohn H. Smithþ¶þJane   Doeþ¶þJane W. Schmidt; Mark Doeþ¶þþ¶þChecks Payableþ¶þþ¶þþ¶þ12/ 25/2008þ¶þ9:30:01 AMþ¶þ12/25/2008þ¶þ9:30:11

AMþ¶þþ¶þ\Inbox\Payable\þ¶þþ¶þText\SAMPLE\0000\00000001.txtþ¶þþ þ00000002þ¶þ00000002þ¶þ00000001þ¶þ00000002þ¶þ1þ¶þxlsþ¶þ46444þ¶þAccounts Receivableþ¶þJohn H. Smithþ¶þ John H. Smithþ¶þþ¶þþ¶þþ¶þþ¶þ12/22/2008þ¶þ12/25/2008þ¶þþ¶þþ¶þ  þ¶þþ¶þþ¶þ2010 budget.xlsþ¶þþ¶þHidden Columnþ¶þText\SAMPLE\0000\00000002.txtþ¶þNatives\SAMPLE\0000\00000002.xls þ

## REQUEST FOR PRODUCTION

**The items and matters to be produced are as follows:**

1. The complete personnel file of Plaintiff, including, but not limited to those documents and writings used to determine Plaintiff's compensation, promotions, salary, raises, bonus plans, suspension or other disciplinary action, performance reviews, and separation from employment.

2. All payroll and time records for Plaintiff during his employment with Defendant, including all compensation plans and documents relative to those plans.

3. Any and all of Plaintiff's wage records, including payroll records, pay stubs, time records, time cards, and W-2 forms in Defendant's possession.

4. All other documents in the Defendant's possession or in the possession of any agent of the Defendant that mentions, pertains to, relates to, or concerns the Plaintiff.

5. Any and all liability insurance policies, including excess insurance policies, Defendant has that may prospectively indemnify the Defendant for any of the claims contained in the Plaintiff's Complaint, whether the Defendant is the "named" insured or an "additional" insured under the subject policy or policies.

6. Any and all documents, emails, recordings, memoranda, summaries of any conversations and/or meetings regarding the Plaintiff's job description and duties.

7. Any and all documents, emails, recordings, memoranda, summaries of any conversations and/or meetings regarding the Plaintiff's termination.

8. All documents that support the reasons for Plaintiff's termination.

9. The personnel file of Mariam Rhyae.

10. All documents related to the investigation into Plaintiff's complaint to the Bank's hotline that her manager, Mariam Rhyae, asked her to ignore that a co-worker took home debit cards which was in violation of the Bank's policies.

11. All documents related to reasons for Plaintiff's denial of a transfer in November 2018.

12. Any and all employment handbooks, manuals or the like, in the preceding five (5) years.

13. Any and all written documents referencing Plaintiff's job performance.

14. Any and all written documents referencing Plaintiff's work hours.

15. Any and all documents Defendant used, relied upon, or referenced in responding to Plaintiff's First Set of Interrogatories to Defendant.

16. Any and all documents which discuss Plaintiff's compensation.

17. Any correspondence between Plaintiff and Defendant, electronic or otherwise, which relate to Plaintiff's employment with Defendant.

18. All documents supporting the reason for Plaintiff's separation.

19. All photographs and writing relating to the debit cards in the coworker's possession.


Submitted this 30th day of June 2020.

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: cscott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458

Telephone:    (561) 653-0008
Facsimile:    (561) 653-0020
Secondary Address:  101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com