UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20:cv-81317-DMM

JOY MARTINEZ,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**VERIFIED AMENDED COMPLAINT**

Plaintiff, JOY MARTINEZ ("Martinez" or "Plaintiff") by and through her undersigned counsel, files this Amended Complaint against WELLS FARGO BANK, N.A., ("Defendant"), and as grounds states as follows:

**PROCEDURAL HISTORY**

1. MARTINEZ brings this action against the Defendant, to recover back pay, front pay, compensatory damages, and reasonable attorney's fees and costs for unlawful retaliation in violation of Section §448.102 (3) of the Florida's Whistleblower Act ("FWA").

2. This matter was filed in the Circuit Civil Court in Palm Beach County on June 30, 2020.

3. Defendant then removed the matter to federal court and filed a Motion to Dismiss.

**PRELIMINARY ALLEGATIONS**

4. MARTINEZ brings this action for retaliation in violation of Section §448.102 (3) of the Florida's Whistleblower Act ("FWA").

5. Plaintiff brings this action based on her direct, independent, and personal knowledge.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to Sections 448.103(1)(b) and 48.193, Florida Statutes.

7. Plaintiff is a resident of Palm Beach County, Florida, and at all times material hereto, was employed by the Defendant at its Palm Beach County, Florida location.

8. Defendant has a principal place of business at 420 Montgomery Street, San Francisco, California 94163 with numerous locations throughout Palm Beach County.

9. Venue is proper in Palm Beach County as Plaintiff performed work for the Defendant in Palm Beach County.

10. Plaintiff seeks damages in excess of $30,000 but less than $75,000.00

## COMMON ALLEGATIONS

11. Plaintiff has worked for the bank since 2012.

12. Until her whistleblower activity, Plaintiff has always had positive evaluations and has never received any corrective action or written complaints, warnings or the like. As such, Plaintiff was on the path to being promoted.

13. On July 31, 2018, Plaintiff was participating in a routine audit of debit cards.

14. During the audit Plaintiff was asked by Miriam Rhyne her branch manager to ignore the fact a co-worker had taken debit cards out of the bank, put them in her purse and left the cards at her home.

15. During the audit, Plaintiff was instructed to falsely report the bank cards as present when they were not in her presence. Plaintiff was unable to see or count the debit cards taken by another employee.

16. Notwithstanding the cards absence, Plaintiff was instructed by her manager to mark the debit cards as present and accounted for in the computer system.

17. This was a misrepresentation, and false.

18. Plaintiff objected to making untrue statements and otherwise misrepresenting the facts in the audit. She stated that the bank should not just take the word of a co-worker. If she was going to do an accounting, then she and her manager needed to actually see the cards in order to account for them, saying otherwise was a lie. She also complained that taking the cards out of the branch was not permitted under the bank's policies.

19. Despite her objections, Plaintiff was directed by her supervisor to mark the cards present. She did so under the threat of discipline or termination.

20. Out of fear of termination, Plaintiff complied with her manager's directive.

21. Thereafter, Plaintiff immediately reported the illegal and unethical conduct to the bank's hotline as soon as she could do so.

22. Plaintiff relayed to the hotline that she was forced to make misrepresentations and falsehoods during the audit. She explained that she was an unwilling participant and only did so after pleading with her supervisor not to make such misrepresentations and only after her supervisor threatened her job. As soon as the audit was completed and she was able to call the hotline, she did so.

23. Notwithstanding Plaintiff's objection to her supervisor and her reporting of the incident to the hotline, Plaintiff was then written up for her participation by the district manager.

24. Plaintiff also complained to her district manager that it was not her choice to report the cards as accounted for and that she immediately reported it to the hotline.

25. Even though Defendant encourages employees to raise their hand when they see something wrong with the promise that retaliation will not occur, Plaintiff did so and was subsequently written up for falsifying records.

26. As a result of this adverse action, Plaintiff was no longer eligible for promotion or transfer.

27. Furthermore, Plaintiff's manager was free to continue in her supervision of Plaintiff.

28. Plaintiff's manager is aware of the complaints made by Plaintiff and has retaliated against her.

29. Plaintiff has even sought to transfer to move away from her manager; but was denied a transfer in November 2018.

30. Plaintiff was told the transfer was denied, but she could be moved but only if she accepted a demotion.

31. The negative employment action affected Plaintiff's ability to transfer and to move even to a lateral position.

32. Plaintiff disputed the write up by following the company's internal dispute procedures.

33. On October 25, 2019, Plaintiff learned that her human resources dispute of the August 2018 write-up was denied. As such, it remains in her personnel file that she falsified records when in fact she self-reported and participated in blowing the whistle on her manager.

34. Plaintiff went out on medical leave as a result of the distress and did not return to the bank.

35. Plaintiff engaged in protected activity as defined in the FWA in that she: (1) objected to management and/or objected to or refused to participate in an activity that would constitute a violation of law and (2) she also reported the illegal conduct on the company's hotline.

36. Plaintiff is seeking damages related to the Defendant's retaliatory treatment. Plaintiff seeks back wages, currently two weeks for time she spent after her separation looking for a new job. She also seeks damages for the emotional distress she suffered during her employment and which continues. She estimates that her non-economic damages are valued at one-year of her annual salary, $35,880. At the time of separation, she was making $17.25 per hour. While Plaintiff's damages are continuing in nature, the Plaintiff's damages, including attorney's fees and costs do not currently exceed $75,000.00

### COUNT I
### RETALIATION
### IN VIOLATION OF § 448.102(3)

Plaintiff incorporates the allegations in paragraphs 1 through 36 as if set forth in this paragraph.

37. Plaintiff engaged in protected activity:

   a. She objected to falsifying records, which she reasonably believed would have been a violation of law.

   b. She objected to her manager that she would not falsify records, only relenting at the fear and threat of discipline and termination.

   c. Plaintiff objected by filing a complaint with the hotline.

38. Plaintiff's objection constitutes protected activity under Section 448.102(3), Florida Statutes.

39. Plaintiff objected to make false representations during an audit of debit cards. She also complained about being ordered by her supervisor to report cards as in her presence when they were not. This was done under the threat of termination.

40. Plaintiff reasonably believed that it was illegal to lie on the bank's audit form. In fact, Plaintiff was asked to commit fraud, when she was told to make a material, false misrepresentation about the presence of debit cards.

41. Plaintiff also reasonably believed that when her manager threated her with termination if she did not make misrepresentation that her supervisor's actions was in violation of the law. In fact, it is illegal to threaten an employee with termination for objecting to fraudulent practices. See 448.102(3).

42. Plaintiff suffered adverse employment action in that:

   a. She was disciplined.

   b. She was mistreated by her supervisor.

   c. She was denied a transfer.

   d. Her appeal to remove the discipline was denied.

   e. She was forced to leave aka constructively terminated.

43. Plaintiff's treatment following her objections constitutes an adverse employment action.

44. Plaintiff's objection and complaint to the hotline and the retaliatory, adverse treatment by Defendant are causally related.

45. The Defendant's conduct violates the FWA.

46. The conduct of the Defendant deprived Plaintiff of her rights under the FWA to object to participation in unlawful conduct without fear from retaliation.

47. As a direct, natural, foreseeable, and proximate result of these actions and inactions of the Defendant, Plaintiff has suffered damages, including not limited to, the violation of her statutory rights, loss of reputation, back pay, and special damages including attorney's fees and costs, and compensatory damages. All of above injuries and losses are continuing and permanent in nature.

48. As a direct and proximate result of the Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered, and will continue to suffer, damages including but not limited to, lost wages, pain and suffering, humiliation, extreme and severe emotional distress, and mental anguish; Plaintiff has suffered, and will continue to suffer, a loss of earnings and other employment-related benefits and job opportunities. As a result, Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

49. As a further direct and proximate result of the Defendant's violation, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur, and continue to incur, reasonable attorney's fees and costs.

50. Plaintiff requests that attorney's fees, costs, and expenses be awarded pursuant to Section 448.104, Florida Statutes.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages; front pay or reinstatement in lieu of front pay; back pay; prejudgment interest; reasonable attorney's fees and costs pursuant to Section 448.104, Florida Statutes; and any such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff further demands trial by jury for all issues so triable.

## VERIFICATION

I swear and affirm to the best of my knowledge the foregoing amended complaint is true and accurate.

_____
JOY MARTINEZ

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by electronic filing on September 3, 2020 on all counsel or parties of record on the Service List below.

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Lindsey Wagner, Esq.
Florida Bar No. 86831
Primary e-mail: LWagner@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

## SERVICE LIST
### CASE NO. 9:20:cv-81317-DMM

Zascha Blanco Abbott, Esq.
Florida Bar No. 614671
zba@lgplaw.com
Liebler, Gonzalez & Portuondo
Courthouse Tower -25th Floor
44 West Flagler Street
Miami, FL 33130
(305)379-0400

Carmen Rodriguez Esq.
Florida Bar No. 710835
crpa@crlaborlawfirm.com
Law Office of Carmen Rodriguez, P.A.
*Of Counsel Lieber, Gonzalez & Portuondo*